IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

George Novogroder,   Case No. 3:07CV1284

      Plaintiff,

v.   ORDER

NOM Lima Shawnee, LLC,

      Defendants.

This case involves a proposed contract for the purchase of real estate. Plaintiff, George Novogroder negotiated a contract to purchase property from defendant, NOM Lima Shawnee, LLC. The parties dispute whether an enforceable contract exists.

**Factual Background**

After a period of negotiations, NOM, whose principal place business is in Alabama, offered to sell Novogroder Rite-Aid drug store property located in Lima, OH. Novogroder, a resident of Chicago, contends that he properly accepted the offer, thereby forming a binding contract.

NOM claims it revoked the offer prior to acceptance.

Among its other terms, the contract states, "(t)he venue for any litigation arising out of this Contract shall be in the county where the Property is located." The property here is located in Allen County, Ohio. The negotiations between these two out of state parties took place in Indiana and Tennessee.

Threatened with a *lis pendens* action in Ohio to resolve the dispute, NOM filed suit in Alabama state court on March 14, 2007, seeking: 1) an injunction regarding the *lis pendens* action;

2) a temporary restraining order regarding the *lis pendens* action; and 3) declaratory relief invalidating the contract.[1] The Alabama trial court denied Novogroder's motion to dismiss for lack of personal jurisdiction and his subsequent motion to reconsider. The Alabama Supreme Court denied Novogroder's petition for a Writ of Mandamus.

Novogroder filed the instant suit on March 30, 2007 in the Court of Common Pleas for Allen County, Ohio, seeking: 1) an injunction enjoining NOM from selling the property; 2) specific performance requiring NOM to sell to Novogroder; 3) declaratory judgment validating the contract; 4) breach of contract for refusal to close the purchase and sale; and 5) estoppel for Novogroder's reliance on the contract. NOM in turn removed Novogroder's Ohio claims to federal court on May 1, 2007 and filed the pending motion to stay to enable the Alabama proceedings to continue to completion on the merits. A hearing on the merits has been held by that court and the parties are awaiting a decision.

## Discussion

Where subject matter jurisdiction exists, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817 (1976). But "considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) Whether to abstain from exercising jurisdiction depends on "[c]onsiderations of '[w]ise

---

[1] NOM then consolidated its injunction and declaratory relief claims in a motion for a hearing on the merits.

2

judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817 (citations omitted).

District courts are not burdened with trying "to find some substantial reason for the exercise of federal jurisdiction . . .; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice . . . to justify the surrender of that jurisdiction." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 208 (6th Cir. 2001).

In *Colorado River* and subsequent cases the Supreme Court has identified eight factors that a district court must examine "in deciding whether to defer to the concurrent jurisdiction of a state court." *Romine*, 160 F.3d at 339. These are: 1) whether the state court has assumed jurisdiction over any *res* or property; 2) whether the federal forum is less convenient to the parties; 3) the need to avoid piecemeal litigation; 4) the order in which jurisdiction was obtained; 5) whether state or federal law governs the outcome of the dispute; 6) the adequacy of the state court action to protect the federal proceedings; 7) the relative progress of the state and federal proceedings; and 8) the presence or absence of concurrent jurisdiction. *PaineWebber,* 276 F.3d at 206. These factors require "'careful balancing of the important factors as they apply in a given case.'" *Id.* at 207 (citing *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 15-16 (1983)).[2]

Applying the *Colorado River* factors, I conclude that I must defer to the parallel Alabama state proceedings and abstain from proceeding further with this case.

---

[2] Before addressing the *Colorado River* factors, an initial determination must be made about whether the concurrent state and federal actions are parallel. *Romine*, 160 F.3d at 340. "'[E]xact parallelism' is not required; 'it is enough if the two proceedings are substantially similar.'" *Id.* (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)). Here, parallelism is not in question. The parties and the primary issue–whether there was a valid contract–are the same in both actions. Satisfying the threshold question, it is appropriate to apply the *Colorado River* test.

The first factor, whether the state court has assumed jurisdiction over any *res* or property, is not applicable "because the state court did not assume jurisdiction over any res or property." *Paine Webber*, 276 F.3d at 207; *see Finch v. Thomas Asphalt Paving Co.*, 252 F.Supp.2d 459, 462 (N.D. Ohio 2002).[3] In fact, the issue here is whether an enforceable contract exists between the parties. This factor thus weighs against abstention.

Applying the second factor, geographical considerations must be examined when determining the convenience of the federal forum. *Paine Weber*, 276 F.3d at 207. NOM's principal place of business is in Alabama, and thus the proceedings in are most convenient for it. Although Novogroder is located in Chicago, so that appearing in Toledo is more convenient for him than traveling to Alabama, having him do so means that only one party must travel to court. This factor marginally supports abstention.

Though the Supreme Court has not articulated a specific hierarchy among the factors, it has indicated that the third factor, regarding piecemeal litigation, was chief in importance. *Moses H. Cone*, 460 U.S. at 19. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341-42. Piecemeal litigation is likely to occur if there is not a stay of the proceedings of this court. The outcome of NOM's state action in Alabama and Novogroder's action here rely on a determination of the same issue: whether there was an enforceable contract for sale between the parties. Proceeding with both the state action and the federal action would be inefficient and an unwise use of judicial resources. Further, "[t]he legitimacy of the court system in the eyes of the

---

[3] Novogroder's *lis pendens* action never materialized, so I did not address its potential consequences.

public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications." *Id*.

Neither the fifth nor sixth factors help to support abstention. State law governs. The contract claims at issue do not present a novel or difficult state law question. Thus, the claims, "although governed by state law, [do] not overcome the heavy burden of the federal court to exercise its jurisdiction." *Finch*, 252 F.Supp.2d at 464. Also, although there is nothing to indicate that the Alabama court cannot adequately protect the rights of Novogroder, it cannot be said that this constitutes an "exceptional circumstance" as required. *Id*. Both of these factors, therefore, weigh against abstention.

The seventh factor looks to the relative progress of the two suits. Although the Alabama court has not made its final determination, the proceedings there have advanced much farther than those here, "a fact which weighs strongly in favor of deferring to the former." *Romine*, 160 F.3d at 342. The Alabama court has already held evidentiary hearings, and post hearing briefs have been submitted. A ruling on the merits is the only remaining step. Here, aside from some preliminary conferences, nothing of independent significance has occurred. Thus, substantial time would pass before this case would come to an end.[4]

---

[4]

Novogroder's argument that NOM rushed to court to forum shop for a favorable ruling is not entirely unfounded given the timing and sequence of the procedure in this case. After Novogroder threatened to file suit, NOM managed to file its claims in Alabama two weeks prior to Novogroder. NOM proceeded to remove Novogroder's state claim to this court and then filed a motion to stay the same action in deference to NOM's Alabama state claims. Some courts consider forum shopping a factor when deciding whether to stay an action. *NGS American, Inc. v. Jefferson*, 218 F.3d 519, 523 (6th Cir. 2000); *Enfission Inc. v. Leaver*, 408 F.Supp. 2d 1093 (W.D. Wash. 2005). While there is a decided whiff of forum shopping, the stench is not so overpowering as to justify declining to abstain. Novogroder had litigation on his mind when he threatened to institute a *lis pendens* proceeding. But he did not act on that impulse soon enough to avoid the risk that he might find himself litigating in a distant venue.

Finally, the eighth factor–concurrency of jurisdiction, which exists here– marginally tilts the balance toward abstention.

## Conclusion

Though some factors favor abstention and others do not, in this case the status of the Alabama proceedings, coupled with the strong policy disfavoring the risk of piecemeal adjudication and inconsistent outcomes persuade me that abstention is the better and more proper course.

For the foregoing reasons, it is

ORDERED THAT defendant's motion to stay be, and the same hereby is granted.

So ordered.

                                                  s/James G. Carr
                                                  James G. Carr
                                                  Chief Judge