IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

George Novogroder,                                      Case No. 3:07CV1284

                Plaintiff

     v.                                                            ORDER

NOM Lima Shawnee LLC,

                Defendant

      This is suit between diverse parties who were until recently engaged in related litigation in Alabama. That litigation ended in a declaratory judgment in favor of the defendant in this action, NOM Lima Shawnee LLC [NOM].

      On March 14, 2007, NOM started things off by filing its declaratory judgment action against George Novogroder in an Alabama state court. In that suit, NOM sought a declaration that the parties had not entered into a valid contract for NOM to sell and Novogroder to buy a parcel of property in Lima, Ohio. NOM sought an expited bench trial. It was not seeking damages.

      On March 30, 2007, Novogroder brought this suit in the Court of Common Pleas for Allen County, Ohio. He seeks a declaration that there was a contract between the parties, injunctive relief barring NOM from disposing of the property and requiring NOM to close with him on the sale of the property, and monetary damages. NOM removed the case to this court.

Novogroder also filed a *lis pendens* notice as to the property. NOM claims that this suit and the *lis pendens* created a cloud on his title, thereby affecting its right to quiet enjoyment of the property during the pendency of the litigation.

I stayed this suit to await the outcome of the earlier filed Alabama state case.

In that case the trial court found in favor of NOM, ruling that no binding contract to sell the property existed.

In the meantime, NOM has filed a counterclaim in this suit against Novogroder. In its counterclaim, NOM alleges: 1) slander of title; 2) intentional interference with business relations; 3) fraud; and 4) quiet title.

Pending is Novogroder's motion to dismiss all claims in the counterclaim. [Doc. 37]. The gravamen of the motion is that the Alabama state action is *res judicata* as to all matters in dispute between the parties. NOM disagrees, contending that the litigation and judgment in the Alabama action do not preclude its right to assert the causes of action in its counterclaim.

I agree with NOM.

The parties agree that the res judicata principles of Alabama control.

In *Chiepalich v. Coale*, -- So. 3d --, ----, 2009 WL 3335891, *2 (Ala.), the Alabama Supreme Court recently stated that the test for determining the applicability of res judicata is "whether the issues in the two suits are the same and whether the same evidence would support a recovery in both suits."

When NOM filed its suit in Alabama, none of the claims in its counterclaim here had accrued. That is so because Novogroder had not filed this action. Had he not done so, none of the

counterclaims would or could have arisen. Each grows solely from Novogroder's filing of a lawsuit that, according to NOM, clouded its title and interfered with its business relationships.

The fact, as Novogroder points out, that the *lis pendens* dissolved on completion of the Alabama litigation is immaterial. That might have lifted the cloud on the title, but it did not dissipate the shadow the *lis pendens* had cast in the meantime.

The Alabama suit involved contract principles and legal issues. The elements of the counterclaims here were not part of the elements at issue in Alabama. The evidence relating to the counterclaims differs entirely from the evidence in the Alabama case.

There is no merit to Novogroder's contention that *res judicata* requires dismissal of NOM's counterclaims.

It is, therefore,

ORDERED THAT: plaintiff's motion to dismiss counterclaims [Doc. 37] be, and the same hereby is overruled.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

3