IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

George Novogroder,                                       Case No. 3:07CV1284

         Plaintiff

     v.                                                                 ORDER

NOM Lima Shawnee, LLC,

         Defendant

        This is one of two lawsuits between the parties arising from an aborted sale of a Rite Aide drugstore in Lima, Ohio. The defendant in this case, owner of the drugstore, brought and prevailed on a declaratory judgment action in an Alabama state court. Plaintiff here, George Novogroder, the frustrated prospective purchaser, brought this suit after the owner filed its Alabama action.

        I stayed this suit, permitting the first-filed Alabama suit to go forward.

        That court determined, and its judgment is final, that the parties did not have a contract for the sale and purchase of the drugstore. That judgment precludes Novogorder's claims in this case. Remaining, however, are the owner's counter-claims: 1) for slander of title; 2) to quiet title; 3) for interference with business relationships; and 4) for fraud. Pending is the plaintiff's motion for summary judgment as to the counter-claims. (Doc. 53).[1]

---

[1] Novogroder also seeks summary judgment on the basis of *res judicata*, contending that the owner could and should have asserted the counter-claims in this suit in the Alabama complaint and litigation. I have previously rejected this contention, *Novogroder v. NOM Lima Shawnee, LLC*, 2009

The motion shall be granted in part and denied in part. To the extent I deny the motion it is because I find that material disputes of fact need to be tried .[2]

**Background**

After extensive negotiations and three earlier drugstore sale/purchase transactions involving the same parties, the owner sent a signed purchase agreement to Novogroder. He did not return it. In the meantime, another prospective purchaser provided a letter of intent to the owner. That letter indicated a willingness to purchase the drugstore for $400,000 more than the Novogroder offer. The letter of intent conditioned proceeding with the contemplated transaction with, *inter alia*, the owner's delivery of clear title.

After receiving the letter of intent from the other possible purchaser, the owner notified Novogroder that it was rescinding its offer. Novogroder's counsel immediately contacted the owner, asking it to go through with the sale to Novogroder. It declined to do so.

Through counsel, Novogroder expressed an intent to take all possible legal steps to reconstitute the transaction and acquire the drugstore. Among those contemplated actions was filing of a *lis pendens* on the property. Doing so would preclude the owner's ability to sell the property for as long as the *lis pendens* was of record.

---

WL 4283142 (N.D. Ohio). I decline to revisit my earlier decision.

[2] The parties agree that the owner's title can be quieted without action by this court. That claim shall accordingly be dismissed as moot, without prejudice. I agree with Novogroder that the owner cannot make out a claim of fraud. This opinion deals, accordingly, with the slander on title and interference with business relationship claims.

The owner filed their suit in Alabama, seeking a declaration that, under Alabama law, no binding contract existed. According to the owner, Novogroder and his counsel were served with the summons and complaint in the Alabama suit shortly after its filing.

Novogroder then filed this suit about three weeks later in the Allen County, Ohio, Court of Common Pleas. The owner removed it to this court.

Within a day of filing this suit, Novogroder filed a *lis pendens* on the drugstore property.

Novogroder's brief states that, when he filed the *lis pendens* he was unaware of the pendency of the Alabama suit. The record suggests otherwise, in light of the apparent proof of service on him and his counsel of the Alabama suit some weeks before he filed this suit and the related *lis pendens*.

In any event, Novogroder contends that his filing of the *lis pendens* was in good faith, because he reasonably believed that he was entitled to prevail in his legal efforts in Alabama and here to enforce the purchase agreement.

The owner claims that the *lis pendens* had the effect, as, in their view, Novogroder intended, of stymying their ability to sell to the party which had submitted the letter of intent or anyone else. According to it, market conditions have reduced the value of the drugstore substantially.

With regard to whether the *lis pendens* had an actual effect on the failure of the parties to proceed on the letter of intent, Novogroder points out that, so far as the record before this court shows, the owner took no action in response to that letter. Nor did it move to vacate the *lis pendens*, either before I stayed proceedings in this case, while the Alabama case was being adjudicated, or even to the present day. Nor did it make a demand on Novogroder that he simply vacate the *lis pendens* on his own.

Novogroder, in any event, contends that, when he filed this suit and the *lis pendens*, he was unaware that another possible purchaser had appeared on the scene.

The parties dispute the truthfulness of this contention. According to the owner, the following testimony by Wade Lennox, the real estate broker involved in the transaction between the parties, shows that Novogroder was on notice that someone else had expressed interest in purchasing the drugstore:

> Q. Did you ever communicate to Mr. Novogroder or his people that, "Hey, we have other buyers that are interested. Please either don't file your lis pendens, or please remove your lis pendens to avoid causing us harm?"
>
> A. That --
>
> Q. Is that a "no?"
>
> A. That's a no. No. I don't believe -- now the fact that there was another offer there, I believe was imparted, you know, but not who it was from; not what it was for, you know, and certainly not -- certainly not for the purposes of -- I mean, it had nothing to do with the lis pendens, in that let me strike that.

Each party reads this testimony differently. The owner contends it shows that Novogroder knew someone else was in sight before he filed this suit and the *lis pendens*. Novogroder contends it shows that nothing was in fact told him, and that at most, Lennox merely believes he told him about another possible purchaser — belief not being enough, in Novogroder's view, to stand as proof of what he knew.

## Discussion

The elements of the tort of slander of title are: "(1) there was a publication of a slanderous statement disparaging claimant's title; (2) the statement was false; (3) the statement was made with

4

malice or made with reckless disregard for its falsity; and (4) the statement caused actual or special damages." *Green v. Lemarr*, 139 Ohio App. 3d 414, 430 (2000).

The elements of the tort of interfering with business relationships are: "(1) a business relationship, (2) the wrongdoer's knowledge thereof, (3) an intentional interference causing a breach or termination of the relationship, and (4) damages resulting therefrom." *Geo-Pro Serv., Inc. v. Solar Testing Laboratories, Inc*., 145 Ohio App. 3d 514, 525 (2000).

To prevail on either of these claims, the owner must show that Novogroder knew that another possible purchaser was in the picture. He denies any such knowledge. The owner points to Lennox's testimony of proof to the contrary.

As noted, the parties read that testimony in their own ways. I read it as ambiguous. Viewed most favorably to owner, Lennox can be heard saying that he (or someone — he spoke in the passive voice) "imparted" "that there was another offer there." Whether his belief to that effect would persuade a jury is for the jury itself to decide.

Most simply put: whether Novogroder knew about the competition when he filed the *lis pendens* is in dispute.

To be sure, even if the jury found that, despite his denials, Novogroder was aware of another's presence, the owner still has to show that he acted with malice, rather than in good faith.

That, too, is a disputed fact for the jury to find. Much of the outcome will depend on its assessment of Novogroder's credibility.

Summary judgment, accordingly, is not appropriate on the slander of title claim.

Whether to allow the claim of tortious interference with business relationships to go forward is a much closer question. For more than three weeks after getting the letter of intent, the owner,

apparently, did nothing in response. That being so, how and why can it blame Novogroder that it did not get to sell the drugstore to someone else?

There is, moreover, the owner's failure to have made any efforts or taken any action to have the *lis pendens* lifted.

On the other hand, Novogroder filed the *lis pendens*. A jury could find that he knew, or reasonably should have known that its effect would be to make the property unmarketable to the party which had expressed interest in purchasing the property. By knocking that party out of the ring, Novogroder was left standing alone. And the owner's purse reduced by $400,000.

The jury might find, on the other hand, that the deal with the author of the letter of intent fell through for reasons having nothing to do with the *lis pendens* — including inaction on the owner's part.

Novogroder argues in his reply brief that the owner can prove no damages in view of his willingness to go forward with the transaction, which, despite the filing of the two lawsuits, apparently continued, at least for a while. A jury might well find that the owner's failure to do so constituted a failure to mitigate its damages.

Suffice to say that there are enough questions, the answers to which depend on findings as to disputed facts, for me to conclude that summary judgment would be appropriate as to neither of the pending claims.

It is, therefore,

ORDERED THAT the plaintiff's motion for summary judgment as to defendant's counter-claims be, and the same hereby is deemed moot with regard to the claim to quiet title; granted with

regard to the fraud claim and denied with regard to the slander of title and interference with business relationships claim.

So ordered.

                                                                         s/James G. Carr
                                                                         United States District Judge