IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| George Novogroder, | Case No. 3:07CV1284 |
| Plaintiff | |
| v. | ORDER |
| NOM Lima Shawnee, LLC, | |
| Defendant | |

Pending is plaintiff's motion for reconsideration of an order, *Novogroder v. NOM Lima Shawnee, LLC*, 2010 WL 4628583 (N.D. Ohio), granting in part and denying in part plaintiff's motion for summary judgment. [Doc. 71]. The gravamen of the motion to reconsider is that I neglected, in finding that genuinely disputed factual issues required trial as to some issues, to consider whether defendant could show causation and damages as to its counter-claim.

Also pending is plaintiff's motion to strike the defendant's response to motion to reconsider. [Doc. 78]. The gravamen of the motion is that the defendant improperly supports its response with the transcript of trial testimony of a witness. The trial occurred in Alabama and involved the same parties and arose from the same series of events at issue in this case.

On initial review, I concluded that, at least from a (hyper)technical standpoint, the plaintiff may have been correct—*i.e.*, that a transcript of a former trial cannot, unless vouched for in some manner (beyond certification as to its authenticity and accuracy) be a summary judgment exhibit. I called for a surreply from the defendant. [Doc. 86].

Defendant has responded to that order, calling my attention to decisions, including a decision in this court, *Ricupero v. Wuliger, Fadel & Beyer*, 2004 WL 483871, *3 (N.D. Ohio), allowing

certified transcripts of prior testimony as summary judgment exhibits (or, in this case, an exhibit to a motion to reconsider a ruling on a summary judgment motion).

Further research in light of the surreply convinces me that my initial response was in error. *See*, *e.g.*, *Fischer v. Shamburg*, 624 F.2d 156, 162 (10th Cir. 1980).

My subsequent research has, moreover, not uncovered, and plaintiff has not provided, a Sixth Circuit opinion that undercuts the results these cases have reached, or the rationale on which they reached those results. Nor has that research produced a decision to the contrary from any court.[1]

This is not to say that hearsay is admissible in support of summary judgment motion or opposition. But it is clear that the techinically hearsay quality of a transcript of former testimony is not grounds *ab initio* for excluding the transcript *in toto*.

Plaintiff argues, in the alternative, that it did not have a fair oppotunity to cross-examine the witness at the former trial, because that portion of his testimony to which defendant points was not material in that case.

That does not matter. Where a party submits an *ex parte* affidavit in support of a summary judgment motion, a chance for the other side to cross-examine the affiant is not an absolute precondition to a court's consideration of the affidavit. Cross-examined or not, the statements by the witness, if they otherwise are admissible, are properly before me as I consider the plaintiff's motion for reconsideration.

Turning to the motion to reconsider. I disagree with plaintiff's contention that I did not consider the issues of damages and causation in my original order. As defendant's response makes

---

[1] Except, of course, for my own recent opinion on the issue. I am persuaded by counsel's surreply and my own further research that I misread the Sixth Circuit authority on which I relied.

clear, I did consider those issues. On further review, I remain persuaded that the defendant is entitled to a trial and to present its proof as to causation and damages. Whether that evidence suffices for a verdict and damage award is for the jury, not me, to determine.

It is my long-standing and well-publicized policy to impose sanctions on a party filing an unsuccessful motion for reconsideration. *E.g.*, *Andersons, Inc. v. Consol, Inc*., 208 F. Supp. 2d 847, N.D.Ohio 2002). As I have stated on our Court's website:

> Motions to reconsider are strongly disfavored. Counsel are advised that in the event a motion to reconsider is found to have been filed improperly, sanctions will be imposed under Fed. R. Civ. P. 11 to compensate the opposing party or parties for the amounts expended by them in responding to such motion.

http://www.ohnd.uscourts.gov/home/judges/judge-james-g-carr/civil-cases-case-management-procedures.

The pending motion for reconsideration raised nothing that I had neglected to consider, or even if not considered, that prompts a different conclusion.

I conclude that, in light of briefing defendant had to pay for, it is entitled to $3000, or such lesser sum as it may actually have been called on to pay as and for attorneys' fees and costs in responding to the plaintiff's motion for reconsideration. Plaintiff shall make payment accordingly.

In light of the foregoing, it is

ORDERED THAT:

1. Plaintiff's motion to strike [Doc. 78] be, and the same hereby is overruled; and

2. Plaintiff's motion for reconsideration [Doc. 71] be, and the same hereby is overruled.

3. Plaintiff or its counsel shall reimburse the defendant for expenses incurred in responding to its meritless motion for reconsideration as directed herein.

So ordered.

s/James G. Carr<br>
Sr. United States District Judge